UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLAUDIO M. VALERIA and ROMELIA AREIZA,<br><br>             Plaintiffs,<br>  v.<br><br>WELLS FARGO BANK, N.A.; FEDERAL HOME LOAN MORTGAGE CORPORATION AS TRUSTEE FOR SECURITIZED TRUST FREDDIE MAC MULTICLASS CERTIFICATES, SERIES 3284; FREDDIE MAC; LIGA LAW GROUP; STONECREST ACQUISITIONS, LLC and DOES 1 THROUGH 100, INCLUSIVE,<br><br>             Defendants. | 3:15-cv-01775 (CSH) |

**ORDER**

HAIGHT, Senior District Judge:

On October 26, 2015, Plaintiffs filed a wrongful disclosure suit against Defendants in Connecticut Superior Court, filed on their by behalf by attorney L. Morris Glucksman. Doc. 1-1. Defendants Wells Fargo Bank and Federal Home Loan Mortgage Corporation removed the suit to this Court on December 2, 2015, pursuant to federal question and supplemental jurisdiction, 28 U.S.C. §§ 1331, 1367, and soon thereafter filed a motion to dismiss. Docs. 1, 10. Plaintiffs then, *pro se*, filed a motion to amend their complaint on December 21, 2015. Doc. 15. On that same day, Plaintiffs, through their counsel, filed a notice of voluntary dismissal, informing the Court that "we voluntarily dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 41(a)," and that "[s]uch dismissal shall be without prejudice." Doc. 16. The Court thereafter terminated the case. Nevertheless, on January 7, 2016, Plaintiffs, again *pro se*, filed another motion to amend their

complaint (which they inexplicably captioned their "first motion for leave of court to amend complaint"). Doc. 17. This Order resolves that motion.

At the outset, the Court notes that neither of Plaintiffs' *pro se* motions to amend were ever properly before the Court because neither Plaintiff has filed a *pro se* appearance on the docket. If Plaintiffs seek to substitute themselves, *pro se*, in place of their current counsel—whom they authorized to appear on their behalf through the filing of their state court complaint, [Doc. 1-1, at 2]—they should follow the procedure outlined in Rule 7(e) of this District's Local Rules.

Moreover, in light of the termination of this action pursuant to Plaintiffs' voluntary dismissal—filed on their behalf by their counsel—this Court is without power to grant Plaintiffs the relief they seek. This is because:

> [V]oluntary dismissal of a suit leaves the situation so far as procedures therein are concerned the same as though the suit have never been brought . . . , thus vitiating and annulling all prior proceedings and orders in the case, and terminating jurisdiction over it for the reason that the case has become moot.

*Oneida Indian Nation of N.Y. State v. Oneida Cnty.*, 622 F.2d 624, 629 n.7 (2d Cir. 1980) (quoting *A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir. 1952)). A party aiming to reopen a litigation that has been voluntarily dismissed should do so through motion practice seeking that specific relief. *See generally Streit v. Amdocs, Inc.*, 307 F. App'x 505, 508 (2d Cir. 2009) (holding that the Second Circuit reviews "motions to reopen a voluntary dismissal without prejudice" under an abuse of discretion standard). Generally, a party will do so pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, *see Washington v. Blackmore*, 468 F. App'x 86, 87 (2d Cir. 2012) ("We review . . . a Rule 60(b) motion to open . . . for abuse of discretion."), which provides the reasons by which "[o]n motion and just terms, the court may relieve a party or its legal representative from a final

judgment, order, or proceeding."

Hence, to effectuate their desire, if any, to litigate this action, Plaintiffs must file a motion to reopen the case pursuant to Rule 60(b). For each of the reasons discussed above, the Court DENIES Plaintiffs' motion to amend, but does so without prejudice to refiling if the Court ultimately permits a reopening of the instant litigation.[1] The Court reminds Plaintiffs that if they file a motion to reopen *pro se* without first filing a *pro se* appearance, and otherwise heeding the requirements of Local Rule 7(e), that motion will not be properly before the Court.

Counsel for Plaintiffs is directed to ensure that a copy of the instant Order is transmitted to Plaintiffs forthwith.

**It is SO ORDERED.**

**Dated: New Haven, Connecticut
January 13, 2016**

/s/*Charles S. Haight, Jr.*
**Charles S. Haight, Jr.
Senior United States District Judge**

---

[1] The Court also notes that Plaintiffs' *pro se* motion to amend their complaint fails to comply with this District's Local Rules. Pursuant to Local Rule 12(a), a *pro se* plaintiff seeking to amend its complaint in light of the filing of a motion to dismiss "must attach [its] proposed amended complaint" to its motion to amend, which Plaintiffs here failed to do.